# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert P. Guevara,<br><br>               Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>               Respondents. | No. CV-14-01432-PHX-GMS (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Robert P. Guevara has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, raising two grounds for relief. (Doc. 1.) Respondents assert that the Petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations applicable to state prisoners seeking federal habeas corpus relief. (Doc. 10.) Alternatively, Respondents argue that federal habeas corpus review of Petitioner's claims is procedurally barred. Petitioner has filed a reply in support of his Petition. (Doc. 13.) For the reasons below, the Court recommends that the Petition be denied as untimely and does not reach Respondents' alternative argument.

**I.    Factual and Procedural Background**

    **A.    Charges, Guilty Plea, and Sentencing**

On December 19, 2003, Petitioner pleaded guilty in Maricopa County Superior Court to one count of second-degree murder. (Doc. 10, Exs. A, B.) On January 26,

2004, the trial court sentenced Petitioner to an aggravated term of twenty years' imprisonment. (Doc. 10, Ex. C.)

### B.     Post-Conviction Review

#### 1.     Rule 32 Of-Right Proceeding

On March 4, 2004, Petitioner filed a notice of post-conviction relief in the trial court pursuant to Arizona Rule of Criminal Procedure 32. (Doc. 10, Ex. D.) Petitioner then filed a motion to voluntarily dismiss that proceeding. (Doc. 10, Ex. E.) On September 10, 2004, the court granted Petitioner's motion and dismissed the Rule 32 proceeding. (Doc. 10, Ex. F.)

#### 2.     Second Post-Conviction Proceeding

Six years later, on September 9, 2010, Petitioner filed a pleading entitled "Writ of Coram Nobis," alleging ineffective assistance of counsel, that his plea was not knowing and voluntary, and that the trial court imposed an illegal sentence because it was based on facts found by the judge, rather than by a jury. (Doc. 10, Ex. G.)

The trial court construed Petitioner's pleading as a notice of post-conviction relief and, on September 30, 2010, dismissed the proceeding as untimely under Rule 32.4(a). (Doc. 10, Ex. H.)

#### 3.     Third Post-Conviction Proceeding

On August 14, 2012, Petitioner filed a third notice of post-conviction relief raising the following claims: (1) the trial court improperly imposed an aggravated sentence because the aggravating factors were found by the judge rather than the jury in violation of *Blakely v. Washington*, 542 U.S. 296 (2004); (2) defense counsel was ineffective for waiving any *Blakely* objection during sentencing; and (3) counsel was ineffective during the Rule 32 of-right proceeding for failing to present a *Blakely* claim. (Doc. 10, Ex. I.)

On September 17, 2012, the trial court dismissed Petitioner's ineffective assistance of counsel claims as untimely. (Doc. 10, Ex. J.) The court, however, concluded that because Petitioner's Rule 32 of-right proceeding was still pending when *Blakely* was decided, *Blakely* represented a significant change in the law and, thus, it could possibly

provide justification for the court to consider Petitioner's untimely claim under Rule 32.1(g). (*Id.*) Accordingly, the court permitted the post-conviction matter to proceed on the *Blakely* claim. After considering further briefing, the court concluded that Petitioner's *Blakely* claim was precluded under Rule 32.2(a)(2) because Petitioner previously raised that claim in his second post-conviction proceeding. (Doc. 10, Exs. K, L, M.)

On January 10, 2013, Petitioner filed a petition for review in the Arizona Court of Appeals arguing that he should be resentenced because the trial court, rather than a jury, determined the existence of aggravating factors for sentencing purposes, and that trial counsel and counsel during his Rule 32 of-right proceeding were ineffective for failing to raise the sentencing issue or otherwise explain his rights. (Doc. 10, Ex. N.) On April 17, 2014, the appellate court granted review, but denied relief. (Doc. 10, Ex. Q.) The court concluded that: (1) Petitioner's *Blakely* claim was preluded under Rule 32.2(a) because it had been raised in a prior proceeding; and (2) Petitioner's ineffective assistance of counsel claims were waived because Petitioner could have raised them in a prior proceeding. (*Id.*)

### C. Federal Petition for Writ of Habeas Corpus

On June 25, 2014, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) Petitioner raises the following two claims: (1) his Sixth Amendment rights were violated because his sentence was aggravated based on facts found by the judge rather than by a jury; and (2) his Sixth Amendment rights were violated because his sentence was in excess of the maximum allowed. (*Id.* at 6-9.) He also argues that trial counsel and Rule 32 of-right counsel were ineffective related to his aggravated sentence. (Doc. 1 at 7, 9.) Respondents argue that the Petition is untimely under the applicable statute of limitations and, alternatively, that Petitioner's claims are procedurally barred from federal habeas corpus review. (Doc. 10.) Petitioner disputes these assertions. (Doc. 13.)

## II. Statute of Limitations

The AEDPA provides a one-year statute of limitations for a state prisoner to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). The one-year limitations period starts running from the latest of four alternative dates set forth in § 2244(d)(1)(A)-(D).[1]  Respondents argue that § 2244(d)(1)(A) applies to this case. (Doc. 10 at 5.) That section provides that the one-year limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Liberally construing Petitioner's reply, he argues that the limitations period runs from a date determined by the application of § 2244(d)(1)(C) or (D). Accordingly, the Court considers the statute of limitations commencement date under each of these sections to determine which date is the latest and, thus, provides the starting date for the one-year limitations period.

### A. Date the Statute of Limitations Commenced

#### 1. Section 2244(d)(1)(A) – The Date the Judgment Became Final

By pleading guilty, Petitioner was precluded from pursuing a direct appeal in the Arizona Court of Appeals. *See* Ariz. Rev. Stat. §13-4033(B). Rather, Petitioner could seek review of his conviction and sentence in an of-right proceeding pursuant to Rule 32, which is the functional equivalent of a direct appeal. *See* Ariz. R. Crim. P. 32.1 and

---

[1] Specifically, those four alternative dates are:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

- 4 -

32.4.; *Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) (noting that Arizona courts consider Rule 32 of-right proceedings a form of direct review).[2]

On March 4, 2004, Petitioner commenced a Rule 32 of-right proceeding. (Doc. 10, Ex. F.) On Petitioner's motion, the trial court dismissed that proceeding on September 10, 2014. (Doc. 10, Ex. F.) Under Arizona law, a petition for appellate review of the trial court's order denying a petition for post-conviction relief must be filed within thirty days after the final decision of the trial court. *See* Ariz. R. Crim. P. 32.9(c). Petitioner, however, did not seek review of the trial court's September 10, 2004, dismissal order. Thus, under § 2244(d)(1)(A), Petitioner's judgment became final on October 10, 2004, thirty days after the trial court dismissed his Rule 32 proceeding. *See Summers*, 481 F.3d at 717.

### 2. Section 2244(d)(1)(C) – Date Constitutional Right Asserted Initially Recognized by the Supreme Court

Petitioner's reply can be construed as arguing that pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), and 28 U.S.C. § 2244(d)(1)(C), the AEDPA's statute of limitations commenced on the "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). *Blakely* was decided on June 24, 2004 and the Ninth Circuit has held that it announced a new rule. *See Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005) ("[T]he Supreme Court announced a new rule in *Blakely v. Washington . . .* "). Petitioner's Rule 32 of-right proceeding was still pending on June 24, 2004 and thus was not final. Accordingly, *Blakely* applies to Petitioner's case. *See Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) ("When a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review."). Thus, it appears that

---

[2] Because Petitioner pled guilty, his only avenue of direct review was a Rule 32 "of-right" proceeding. *See* Ariz. Rev. Stat. § 13-4033(B) ([I]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement . . . ."); Ariz. R. Crim. P. 32.1 ("[a]ny person who pled guilty or no contest . . . shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding").

§ 2244(d)(1)(C) applies and, under that section, the limitations period would have commenced on June 24, 2004. However, the limitations period "run[s] from the latest of" the dates determined by applying § 2244(d)(1)(A)-(D). Therefore, the date on which Petitioner's judgment became final on direct review, October 10, 2004, as determined under § 2244(d)(1)(A), is the latest date on which the limitations period could have commenced. Thus, § 2244(d)(1)(C) does not provide the start date for the running of the limitations period.

### 3. Section 2244(d)(1)(D) – The Date the Factual Predicate of Claim Could Have Been Discovered

Finally, the Court considers whether § 2244(d)(1)(D) applies to determine when the statute of limitations started to run. Under that section, the AEDPA statute of limitations commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). To the extent the *Blakely* decision prompted Petitioner to file the pending habeas petition, that decision is the legal predicate for Petitioner's claims, but it is not the "factual predicate" of his claims, and it is not evidence relevant to his sentence. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (explaining that the AEDPA statute of limitations begins to run when petitioner knows important facts, not when petitioner recognizes their legal significance). Because Petitioner was aware of the pertinent facts at the time of his conviction and sentencing, § 2244(d)(1)(D) does not supply a later starting date for the one-year limitations period.

After analyzing § 2244(d)(1)(A), (C), and (D), as applied to this case, the Court concludes that § 2244(d)(1)(A) supplies the date on which the one-year limitations period began to run. Applying that section, Petitioner's conviction became final on October 10, 2004. *See Summers*, 481 F.3d at 717. Accordingly, he had until October 10, 2005 to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not file the pending Petition until June 25, 2014, almost nine years after the

- 6 -

limitations period expired, it is untimely.  Thus, unless statutory or equitable tolling applies, the Petition is time-barred.

### B. Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

The limitations period expired on October 10, 2005.  Nearly five years after the limitations period expired, on September 30, 2010, Petitioner filed a writ of coram nobis in the state trial court, which the state court construed as a petition for post-conviction relief under Rule 32.  (Doc. 10, Ex. H.) Petitioner later filed a third notice of post-conviction relief on August 14, 2012.  (Doc. 10, Ex. I.)  Because the AEDPA statute of limitations expired before Petitioner commenced these post-conviction actions, they did not toll the limitations period.  Once the AEDPA limitations period expires, a subsequently filed state post-conviction proceeding cannot restart the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (noting that an application for state post-conviction relief filed after expiration of the AEDPA statute of limitations did not reinitiate the limitations period).  Accordingly, statutory tolling does not apply.

### C. Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "The diligence required for

equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted).

In his reply, Petitioner asserts that counsel during his Rule 32 of-right proceeding did not pursue a claim under *Blakely* and did not advise Petitioner of the change in the law. (Doc. 13 at 4.) He also argues that trial counsel was ineffective. (*Id.*) It appears that Petitioner argues that the ineffective assistance of trial and post-conviction counsel led to the untimely filing of his § 2254 habeas petition. Even if the alleged circumstances were extraordinary, *see Pace*, 544 U.S. at 418, the record does not support a finding that Petitioner diligently pursued his rights. After the dismissal of his Rule 32 of-right proceeding, Petitioner did not seek further review of his conviction or sentence until he filed a writ of coram nobis six years later. Considering this lengthy delay, Petitioner has not shown that he diligently pursued his rights. *See Pace*, 544 U.S. at 419 (petitioner was not entitled to equitable tolling when he "waited years, without any valid justification, to assert" his claims in state court.)

Additionally, to the extent that Petitioner argues that the Supreme Court's decision in *Martinez v. Ryan*, __ U.S.__, 132 S. Ct 1309 (2012), delays or tolls the AEDPA limitations period, his argument fails. In *Martinez,* the Supreme Court held that, under limited circumstances, ineffective post-conviction counsel could constitute cause to excuse the procedural default of a claim of ineffective assistance of counsel. 132 S. Ct. at 1315; *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293-95 (9th Cir. 2013) (extending the holding in *Martinez* to claims of ineffective assistance of appellate counsel).

The *Martinez* decision does not address the timeliness of a habeas petition or the tolling of the AEDPA limitations period. *See Wheelwright v. Wofford*, 2014 WL 3851155, at *3 (E.D. Cal. Aug. 5, 2014) ("Although the rule in *Martinez* is an equitable one, it applied only to procedural default issues and does not apply to equitable tolling principles pertinent to the AEDPA limitations issue."); *see also White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (the adequacy analysis used to decide procedural default issues

is inapplicable to the determination of whether a federal habeas petition was barred by the AEDPA statute of limitations); *Moreno v. Ryan*, 2014 WL 24151, at *1 (D. Ariz. Jan. 2, 2014) (rejecting the petitioner's claim that *Martinez* delayed the start of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C) and finding that "*Martinez* has no applicability to this action as it does not concern the timeliness of a habeas petition.").

Finally, Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *See Ballesteros v. Schriro*, 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances).

Because Petitioner has not presented any circumstance that would justify equitably tolling the AEDPA statute of limitations, his § 2254 habeas petition should be denied as untimely and therefore the Court does not address Respondents' alternative grounds for denying habeas corpus relief.

## III. Conclusion

Because Petitioner filed the pending Petition for Writ of Habeas Corpus after the expiration of the statute of limitations, and neither statutory nor equitable tolling render the Petition timely, it should be dismissed as untimely.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have

fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 1st day of May, 2015.

_____
Bridget S. Bade
United States Magistrate Judge